**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DEREK MORTLAND, | ) CASE NO. 5:25-CV-01130-JRA |
| | ) |
| | ) JUDGE JOHN R. ADAMS |
| Plaintiff, | ) UNITED STATES DISTRICT JUDGE |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) CARMEN E. HENDERSON |
| LAXMI 7820 HOSPITALITY LLC,  YASH | ) |
| HOSPITALITY GROUP 7820 LLC, | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendants, | |

## I.      Introduction

Plaintiff Derek Mortland filed an amended complaint against Defendants Laxmi 7820 Hospitality LLC ("Laxmi") and Yash Hospitality Group 7820 LLC ("Yash"), alleging violations of Title III of the Americans with Disabilities Act ("ADA"), and state law claims for denial of full and equal access under Ohio Revised Code § 4112.02, *et seq*., and violation of the Ohio Consumer Sales Practices Act ("OCSPA").  (ECF No. 10-2).  Currently before the Court is Yash's motion to dismiss (1) under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Plaintiff has failed to establish standing to bring his ADA claim, or (2) alternatively, under Rule 12(b)(6) for failure to state a claim.  (ECF No. 23).  The motion is fully briefed.  (*See* ECF Nos. 23, 26, 29).  On March 11, 2026, the matter was referred to the undersigned for preparation of a report and recommendation.  (ECF No. 31).  For the reasons explained herein, I recommend that the Court grant Yash's motion to dismiss under Rule 12(b)(1), deny Yash's motion to dismiss

under Rule 12(b)(6) as moot, and dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

## II.        Factual Allegations of the Amended Complaint

Plaintiff is a "person with physical disabilities" as he is paralyzed and requires the use of a wheelchair for mobility and to travel in public.  (ECF No. 10-2 at ¶¶ 5, 13).  On July 28, 2024, through July 29, 2024, Plaintiff visited the Country Inn & Suites by Radisson ("Hotel") in Macedonia, Ohio, "for the purposes of obtaining lodging" because he "had a morning meeting on July 29, 2024, in Northfield, Ohio, and needed a nearby place to stay."  (*Id.* at ¶¶ 2, 15).  Prior to September 26, 2025, Defendant Laxmi 2730 Hospitality LLC ("Laxmi") was the owner or operator of the Hotel.  (ECF No. 10-2 at ¶ 6).  Since September 6, 2025, Yash has owned or operated the Hotel.  (*Id.* at ¶ 7).

"Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, [Plaintiff] personally encountered architectural barriers which denied him the full and equal access to the property."  (ECF No. 10-2 at ¶ 17).  Plaintiff encountered barriers to access in the "(1) parking lot, (2) building entrances, (3) … front desk area, (4) … fitness room, (5) … men's public restroom, (6) … business center, [and] (7) in guestroom 201."  (*Id.* at ¶ 18).  As a "legal result" of the failure to provide proper handicapped-accessible public facilities, Plaintiff "suffered damages," "was denied his civil rights to full and equal access to public facilities," and "suffered from physical personal injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access."  (*Id.* at ¶¶ 20-21).

"As Plaintiff frequently travels to Summit, Portage, and Cuyahoga County, Ohio, specifically for work purposes, and to visit family and friends, Plaintiff will return to [the Hotel]

2

to patronize the hotel, if the hotel is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services." (ECF No. 10-2 at ¶ 30). If the Hotel becomes accessible, Plaintiff "will visit it again because it is conveniently located off the highway, is reasonably priced, and within a short drive to his friends and family." (*Id.* at ¶ 31). Plaintiff also "intends to return to [the Hotel] on an annual basis, beginning in 2025, to ascertain whether Defendants removed the barriers to access." (*Id.* at ¶ 32).

### III.    Applicable Law

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to bring a motion asserting lack of subject-matter jurisdiction.

> Parties can contest subject-matter jurisdiction through either a facial or factual attack. A facial attack challenges the sufficiency of the pleading itself. Put another way, a party raising a facial challenge argues that a complaint does not adequately plead standing even accepting its facts as true.
>
> A *factual* attack, on the other hand, challenges not the sufficiency of the pleading's allegations but the factual existence of subject matter jurisdiction. Under a factual attack, the court does not presume that the plaintiff's factual allegations are true. Instead, the court weighs evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.

*Roberts v. Progressive Preferred Ins. Co.*, 167 F.4th 955, 959-60 (6th Cir. 2026) (citation modified). The party invoking federal jurisdiction bears the burden of establishing such. *Id.* at 961.

Under Federal Rule of Civil Procedure 12(b)(6), defendants may bring a motion to dismiss based on a plaintiff's failure to state a claim for relief upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "While legal conclusions can provide the framework of a complaint,

they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief." *Id.* at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570. The factual allegations in the complaint "must contain something more … than … a statement of facts that merely creates a suspicion of a legally cognizable right of action." *Id.* at 555. Dismissal of the action is proper if "the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Barber v. Charter Twp. of Springfield, Michigan*, 31 F.4th 382, 386 (6th Cir. 2022).

## IV. Analysis

### A. Standing

Yash argues Plaintiff has failed to establish standing to pursue his claims because he did not suffer a concrete and particularized injury, and any injury is not fairly traceable to Yash. (ECF No. 23 at 13-15). Yash argues that Plaintiff failed to allege he sustained an injury in fact because while he "broadly asserts that he sustained 'physical personal injury' as a result of the 'architectural barriers' he allegedly encountered at the Hotel," this "threadbare assertion—lacking any specific or concrete details regarding the nature, extent, or specific cause of injury—do[] not suffice." (ECF No. 23 at PageID #: 163). Further, Yash argues "[t]o the extent that Plaintiff claims that he experienced 'shame, humiliation, embarrassment, anger, disappointment and worry' as a result of the barriers to access he allegedly encountered, those do not establish an injury-in-fact either." (*Id.* at PageID #: 164). Similarly, Yash argues that Plaintiff's legal expenses and hiring of an attorney

4

to enforce his rights do not amount to an injury in fact to support standing.  (*Id.* at PageID #: 165).

As to traceability, Yash argues that Plaintiff cannot show that any alleged injury was traceable to

Yash because it "did not own or operate the Hotel either before or during Plaintiff's visit."  (*Id.* at

PageID #: 165).

In response, Plaintiff argues that he has sufficiently alleged both an injury and traceability.

To support that he alleged an injury, Plaintiff cites to paragraphs 15, 16, and 18 of his first amended

complaint and his own affidavit attached to his response, which identifies barriers he encountered.

(ECF No. 26 at 5-7).  Plaintiff asserts that "[t]he violations caused [him] to perform physical,

repeated exertions, resulting in his personal physical injuries, including straining his shoulders and

wrists, shame, humiliation, embarrassment, frustration, anger, disappointment and worry."  (*Id.* at

7).  As to traceability, Plaintiff argues Yash's lack of ownership at the time of his visit "is not an

available defense, as the ADA provides a comprehensive remedy."  (*Id.* at 9).  Citing *Lane v.

Landmark Theatre Corp.*, No. 16-cv-06790-BLF, 2020 WL 1976420 (N.D. Cal. Apr. 24, 2020),

Plaintiff argues that Yash is a successor in interest to Laxmi Hospitality and should not be absolved

from liability simply because it did not own the Hotel at the time of the violations.  (*Id.* at 9-10).

Yash replies that Plaintiff "cites just three paragraphs from his complaint in which [he]

purportedly encountered 'architectural barriers' and 'barriers to access' while visiting the Hotel"

but these paragraphs are insufficient to sufficiently plead the injury in fact requirement.  (ECF No.

29 at 3).  As to Plaintiff's argument that the ADA provides a comprehensive remedy, Yash argues

that "Congress cannot erase Article III's standing requirements" such that Plaintiff must still

establish traceability.  (*Id.* at 6 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016))).

Additionally, Yash argues *Lane* does not change this conclusion because it is contrary to

subsequent Supreme Court precedent and involved a state statute rather than the ADA.  (*Id.* at 6-7).

Because Article III of the United States Constitution requires an actual case or controversy for federal courts to have jurisdiction, "plaintiffs must establish that they have standing to sue before courts can consider the merits of their claims." *Roberts*, 167 F.4th at 960.  "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  Importantly, "an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427.  For purposes of standing, "[c]ausation requires that the identified injury be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Roberts*, 167 F.4th at 960.

Addressing first the injury in fact requirement, the undersigned agrees with Yash that Plaintiff's allegations that he "encountered architectural barriers which denied him the full and equal access to the property" without identification of specific, concrete injury beyond the statutory violation are insufficient to establish standing.  *See Jordan v. Joe B. Beasley & Assocs., L.P.*, No. 24-5122, 2024 WL 4710157, at *2 (6th Cir. Nov. 7, 2024) (concluding plaintiff failed to plead a concrete injury arising from alleged architectural barriers in a parking lot because he did "not allege that he faced serious difficulty when parking his vehicle," "experienced physical difficulty in ambulating though the parking lot," "had to enter the store through a side door," or suffered financial harm due to the barriers) (collecting cases).  However, the undersigned also notes that Plaintiff alleged that he suffered "physical personal injury" and, in response to Yash's motion,

Plaintiff clarified that such included straining his shoulders and wrists.  (ECF No. 10-2 at 8, ECF No. 26 at 7, ECF No. 26-1 at 4).  Thus, even if Plaintiff had not pleaded sufficient facts to support an injury in fact, it appears Plaintiff may be able to cure this deficiency through further amendment of his complaint to include additional facts supporting an injury in fact.

However, even if Plaintiff sufficiently pled an injury in fact, the undersigned also agrees with Yash that Plaintiff has failed to allege that Yash caused any such injury.  Plaintiff's own allegations indicate that Yash did not own the Hotel during his July 2024 visit because it did not purchase the property until September 26, 2025.  (ECF No. 10-2 at 6).  Because Yash did not own the Hotel at the time of Plaintiff's visit, it had no control over the property or any barriers that existed such that it cannot be said to have caused Plaintiff's injury.

Plaintiff relies entirely on the out-of-circuit, unpublished district court decision in *Lane* to support that his injuries are traceable to Yash despite its lack of ownership at the time he encountered the alleged barriers.  (ECF No. 26 at 8-9).  However, *Lane* is easily distinguishable. First, as Yash argues, the analysis Plaintiff cites in *Lane* arose in the context of claims under a California statute rather than under the ADA.  2020 WL 1976420, at *21, 25-26.  *Lane* is also factually distinguishable from the situation presented here.  In *Lane*, the defendants argued that they could not be held liable for any alleged barriers encountered by the plaintiffs because the defendants had not been involved in the design or construction of the building at issue.  *Id.* at *26. The *Lane* court rejected the defendants' argument, noting that "[i]t was Defendants' responsibility at the time of purchase to investigate whether the [building] was saddled with extant access obligations that would affect its value."  *Id.*

Critically, the *Lane* defendants purchased the building at issue in 2015 and the plaintiffs' two visits to the building which were the basis of the suit occurred in June and August 2016.  *Id.*

at *1-2.  Thus, in *Lane*, the defendants' liability was based on their own failure to discover and correct the barriers, and it was this failure that caused the subsequent violations encountered by the plaintiffs.  Here, however, because Yash did not purchase the Hotel until over a year after Plaintiff's visit, Yash had no duty to discover or correct any barriers until after Plaintiff's visit.  Accordingly, Yash cannot be said to have caused Plaintiff's injury.

Because Plaintiff has not sufficiently pled that Yash caused any complained of injury, he has failed to establish standing to proceed on his ADA claim.  Thus, the Court lacks jurisdiction over the federal claim.  Further, because the Court lacks jurisdiction over the federal claim and Plaintiff has not alleged facts in support of diversity jurisdiction, the Court also lacks supplemental jurisdiction over Plaintiff's state law claims.  Accordingly, Yash's motion to dismiss under Rule 12(b)(1) should be granted.

### B.  Failure to State a Claim

Yash argues dismissal under Rule 12(b)(6) for failure to state a claim is also warranted because Plaintiff (1) failed to articulate how Yash's purported accessibility violations caused him harm under the ADA or the Ohio Equal Access Statute; (2) failed to identify a consumer transaction between himself and Yash to support his OCSPA claim; and (3) failed to satisfy Rule 9(b)'s heightened pleading standard.  (ECF No. 23 at PageID #: 169).  However, the undersigned concluded above that Plaintiff failed to establish standing to pursue his federal claim such that the Court lacks jurisdiction to proceed.  Should the Court adopt the undersigned's recommendation, Yash's request for dismissal under Rule 12(b)(6) would be moot.

### V.    Recommendation

Because Plaintiff has failed to establish standing to proceed on his federal claim, I recommend that Yash's motion to dismiss under Rule 12(b)(1) be granted, Yash's motion to dismiss

8

under Rule 12(b)(6) be denied as moot, and Plaintiff's complaint be dismissed for lack of subject

matter jurisdiction.

Dated: April 24, 2026

s/ <em>Carmen E. Henderson</em>

CARMEN E. HENDERSON

U.S. MAGISTRATE JUDGE

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).